UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL RENTERIA-VILLEGAS and DAVID ERNESTO GUTIERREZ-TURCIOS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:11-00218 ) Judge Sharp |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

On June 21, 2011, this Court entered an Order (Docket No. 44) which granted Plaintiffs' Motion for Leave to Amend Complaint (Docket No. 30), and denied, as moot, Defendants' pending Motions to Dismiss (Docket Nos. 10 & 12). Defendant Metropolitan Government of Nashville and Davidson County ("Metro") has now filed a "Motion to Amend Order for Certification for Interlocutory Appeal and for Stay Pending Appeal" (Docket No. 50), to which Plaintiffs have responded in opposition ((Docket No. 52). For the following reasons, Metro's Motion will be denied.

So far as relevant, 28 U.S.C. § 1292 provides:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). "Review under § 1292(b) is granted sparingly and only in exceptional cases."

1

In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002). This is not the exceptional case which necessitates immediate review by the appellate court.

Metro's Motion for Interlocutory Appeal hinges on its contention that this Court erred in allowing Plaintiffs to amend their Complaint. Metro argues that the Sixth Circuit has yet to address whether a complaint may be amended to cure or correct a lack of standing in the context of an action removed by a federal agency pursuant to 28 U.S.C. § 1442(a)(1).

While that may be so, the Sixth Circuit has directly and inferentially held that a district court has discretion to allow amendment to address standing problems. See, Brown v. Matauszak, 415 Fed. Appx. 608, 614 (6th Cir. 2011) ("the district court had discretion to grant [plaintiff] leave to amend his complaint to include this other information, as that was all that would be needed to establish standing and a cause of action in this proceeding"); Pedeira v. Kentucky Baptist Homes of Children, Inc., 579 F.3d 722, 733 (6th Cir. 2009) ("To the extent that the second amended complaint and supporting documents clarified the plaintiffs' standing arguments, we reverse the district court's denial of the plaintiffs' motion for leave to amend with respect to the amendments regarding standing only"); League of Latin Amer. Citizens v. Bredesen, 500 F.3d 523, 529 (6th Cir. 2007) (noting that "it would not serve justice to dismiss the appeal" where defendant did not raise a standing issue "below, at a time when plaintiff could have moved for and been freely granted leave to amend their complaint to cure the standing defect"). Additionally, more than thirty five years ago, the Supreme Court held "it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." Warth v. Seldin, 422 U.S. 490, 501 (1975).

Thus, even if Metro is correct that some circuits hold "that the lack of standing or jurisdiction

may not be cured by amendment," (Docket No. 51 at 5), that is not controlling here. In any event, the out-of-circuit cases relied upon by Metro are inapposite.

Federal Recovery Serv. v. United States, 72 F.3d 447, 453 (5th Cir. 1995) involved a situation not unlike Zurich Ins. Co.v. Logitrans, Inc., 297 F.3d 528 (6th Cir. 2002) where a plaintiff, who had no standing to sue, sought to cure the problem by substituting a party who could have brought the action. As stated in this Court's prior Memorandum (Docket No. 43 at 9), that is not the case here. The plaintiff in Iron Cloud v. South Dakota, 984 F.2d 241, 243 (8th Cir. 1993) took the situation a step further by attempting to "amend the complaint to add plaintiffs with standing" while the case was on appeal pursuant to 28 U.S.C. § 1293, and did not implicate Fed. R. Civ. P. 15(a)(2) which requires that a court "freely give leave [to amend] when justice so requires." Finally, insofar as Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979) can be read as suggesting that a lack of standing cannot be cured by amendment, that decision has been brought into question by the Ninth Circuit's later observation that "[o]ften a plaintiff will be able to amend its complaint to cure standing deficiencies." United Union Roofers v. Ins. Corp. of America, 919 F.2d 1398, 1402 (9th Cir. 1990).

Moreover, "[a] legal question of the type envisioned in § 1292(b) . . . generally does not include matters within the discretion of the trial court." In re City of Memphis, 293 F.3d at 351. Whether to allow an amendment to the pleadings under Rule 15(a) is a matter of discretion for the trial court, Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) and, importantly, a discretion which is to be liberally exercised in favor of amendment. Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002).

Metro next argues that whether 28 U.S.C. § 1442(a) eliminates the standing requirement of

Article III "is a matter of first impression in the Sixth Circuit." (Docket No. 51 at 8). However, as pointed out in this Court's prior Memorandum, the Sixth Circuit in <u>Aarti Hospitality, LLC v. City of Grove City</u>, 350 Fed. Appx. 1, 6-7 (6th Cir. 2009) held that it was proper for the district court to look to state law to determine whether Article III standing existed in a removed action where the state law claims arose solely from a state statute. While <u>Aarti</u> is an unpublished decision and therefore "is not precedentially binding," it "may be considered for its persuasive value." <u>Longaberger v. Kolt</u>, 586 F.3d 459, 468 (6th Cir. 2009).

If a court can look to state law to determine standing on a state law claim where a plaintiff also pleads a federal claim as in <u>Aarti</u>, certainly looking to state law is appropriate where, as here, Plaintiffs presented no federal claims, named no federal defendants, and the case was removed only because Plaintiffs were ordered to name a federal defendant. After all, a federal agency may remove simply because it is a federal agency, <u>City of Cookeville v. Upper Cumberland Elec. Membership Corp.</u>, 484 F.3d 380, 390 (6th Cir. 2007), and, when it does so, "the substantive law to be applied is unaffected by removal," even if the substantive law is state law. <u>Bennett v. MIS Corp.</u>, 607 F.3d 1076, 1091 n. 13 (6th Cir. 2010).

When this case was removed from state court by Immigration Customs and Enforcement ("ICE"), the only claim was an alleged violation of the Tennessee Declaratory Judgment Act based upon the Davidson County Sheriff's Office ("DCSO") entering into the 287(g) Agreement with ICE. As Plaintiffs aptly query, where else, other than state law, should the court have looked to determine whether the Plaintiffs had standing, given the procedural posture of the case? <u>Atari</u> indicates that the answer lies in looking to state law, a position which has been confirmed by other courts. See, <u>Cantrell v. City of Long Beach</u>, 241 F.3d 674, 684 (9th Cir. 2001) ("We agree with the Seventh

4

Circuit [in FMC Corp. v. Boesky, 852 F.2d 981, 992 (7th Cir.1988)], that state law can create interests that support standing in federal courts. If that were not so, there would not be Article III standing in most diversity cases, including run-of-the-mill contract and property disputes").[1] This Court's decision that Plaintiffs have standing was not without authority, and, therefore, neither novel nor exceptional, so as to warrant immediate review.

Finally, Metro argues that the Court erred in finding (as an alternative) that Plaintiff Gutierrez had Article III standing. This conclusion was based upon the contention in the Second Amended Complaint that he intended to accept at 10-day sentence which would result in his again being subjected to a 287(g) investigation when he appeared at a DCSO facility to serve his sentence. Metro argues Mr. Gutierrez' contention is directly contradicted by Constance Taite who stated in a declaration that those serving weekend sentences are minimum security inmates, and not subject to being screened by ICE. Leaving aside that this Court observed there was at most a factual dispute on the issue given the comments attributed to Sheriff Hall and Plaintiff Villegas' treatment when he was rearrested, Metro's present assertion is merely a claim that the Court made a mistake. It is certainly not something which shows Metro is entitled to the exceptional relief afforded by the taking of an interlocutory appeal. See, Caterpillar, Inc. v. Lewis, 519 U.S. 61, 75 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule").

---

[1] Essentially, the same question was left open by the Supreme Court in Int'l Primate Protection League v. Admin'rs Tulane Educ. Fund, 500 U.S. 72, 78 n.4 (1991), but unanswered questions by the Supreme Court do not make a case exceptional, otherwise the majority of cases for which the Supreme Court grants certiorari would be immediately appealable once a district court enters a ruling which addresses a matter that has not been definitively resolved.

5

As the party requesting the right to file an interlocutory appeal, Metro bears the burden of showing exceptional circumstances warranting piecemeal review. Metro has failed to carry its burden.

Allowing Metro an interlocutory appeal will get the parties no closer to a decision on the merits, and, in the Court's opinion, will not materially advance the resolution of this case as required by 28 U.S.C. § 1292(b). Accordingly, Metro's "Motion to Amend Order for Certification for Interlocutory Appeal and for Stay Pending Appeal" (Docket No. 50) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE