UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL RENTERIA-VILLEGAS, DAVID ERNESTO GUTIERREZ-TURCIOS, and ROSA LANDAVERDE, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:11-00218 ) Judge Sharp |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER CERTIFYING QUESTION

In accordance with Rule 23 of the Tennessee Supreme Court, the United States District Court for the Middle District of Tennessee respectfully requests the Tennessee Supreme Court to consider answering the following question of state law:

> Does an October 2009 Memorandum of Agreement between the United States Immigration and Customs Enforcement and the Metropolitan Government of Nashville and Davidson County, by and through the Davidson County Sheriffs Office, violate the Charter of Nashville and Davidson County or other state law?

The Court finds that the answer to the certified question will be determinative of this cause, and there does not appear to be any controlling precedents in the decisions of the Tennessee Supreme Court. As set forth in detail in a prior decision, Renteria-Villegas v. Metro. Gov't of Nashville and Davidson County, 2011 WL 4048253 at **11-14 (M.D. Tenn. Sept. 12, 2011), the Court has decided to certify the question after considerable thought, believing certification to be particularly appropriate in this case because an answer to the state law question will determine

1

whether correctional officers in Nashville and Davidson County are lawfully performing immigration enforcement duties, and whether many local citizens who enter the jail system are subjected to unlawful investigations.

**A. Style of the Case (Tenn. Sup. Ct. R. 23 Sec. 3(a))**

Renteria-Villegas *et al.* v. Metro. Gov't of Nashville and Davidson County *et al.*, Case No. 3:11-00218 (M.D. Tenn. 2011).

**B. Statement of Facts and Nature of the Case (Tenn. Sup. Ct. R. 23 Sec. 3(b))**

The case began when Plaintiff Daniel Renteria-Villegas, a natural born United States citizen, was arrested on two separate occasions, taken to the Davidson County Criminal Justice Center, and, on both occasions, allegedly subjected to an investigation as to his immigration status pursuant to the October 2009 Memorandum of Agreement ("MOA"). He filed suit in the Davidson County Chancery Court on January 7, 2011, against (among others) the Metropolitan Government of Nashville and Davidson County ("Metro"), claiming that the MOA violated the Nashville Metropolitan Charter ("Metro Charter") and Poe v. Metro. Gov't. of Nashville & Davidson County, 383 S.W.2d 265 (Tenn. 1964).

After the Chancery Court Judge found that Immigration and Customs Enforcement ("ICE") was an indispensable party to the MOA for purposes of declaratory relief, the Complaint was amended to add as a Plaintiff, David Gutierrez-Turcios, a lawful permanent resident of the United States who, like Plaintiff Renteria-Villegas, was subjected to a post-arrest immigration investigation. ICE was also added as a Defendant.

ICE removed the case to this Court whereupon Plaintiffs again amended the Complaint to add Plaintiff Rosa Landaverde, a Davidson County resident who holds temporary protected status. Since

2

the case was removed from state court on March 9, 2011, the Court has issued several substantive rulings. (Docket Nos. 43, 44, 53, 79 & 80).

Because of Metro's participation in the MOA, Plaintiffs request a declaration that the MOA violates the Metro Charter and the decision in Poe. They also seek an injunction which would prohibit Metro from continuing to perform activities under the MOA.

The parties have entered into the following stipulations regarding the MOA:

1. The MOA, attached as Exhibit A to this Order, is the written agreement between Metro, through the Davidson County Sheriff's Office ("DCSO"), and ICE and was entered into under the Immigration and Nationality Act ("INA"), § 287(g), 8 U.S.C. § 1357(g).

2. The MOA allows selected DCSO personnel ("DCSO 287(g) Officers") to perform certain immigration officer duties after ICE trains and certifies those individuals. DCSO 287(g) Officers receive such training and certification, and are authorized to, and may, perform the following duties under the MOA (see Ex. A, MOA at 19):

> (A) "[I]nterrogate any person believed to be an alien as to his right to be or remain in the United States (INA § 287(a)(1) and 8 C.F.R. § 287.5(a)(1)) and [ ] process for immigration violations any removable alien or those aliens who have been arrested for violating a Federal, State, or local offense";
>
> (B) "[S]erve warrants of arrest for immigration violations pursuant to INA § 287(a) and 8 C.F.R. § 287.5(e)(3)";
>
> (C) "[A]dminister oaths and [ ] take and consider evidence (INA § 287(b) and 8 C.F.R. § 287.5(a)(2)), [ ] complete required criminal alien processing, including fingerprinting, photographing, and interviewing of aliens, as well as the preparation of affidavits and the taking of sworn statements for ICE supervisory review";
>
> (D) "[P]repare charging documents (INA § 239, 8 C.F.R. § 239.1; INA § 238, 8 C.F.R § 238.1; INA § 241(a)(5), 8 C.F.R. § 241.8; INA § 235(b)(1), 8 C.F.R. § 235.3) including the preparation of a Notice to Appear (NTA) application or other charging document, as appropriate, for the signature of an ICE officer for aliens in categories established by ICE supervisors";
>
> (E) "[I]ssue immigration detainers (INA § 236, INA § 287, and 8 C.F.R. § 287.7) and I-213, Record of Deportable/Inadmissible Alien, for processing aliens in categories established by ICE supervisors"; and
>
> (F) "[D]etain and transport (INA § 287(g)(1) and 8 C.F.R. § 287.5(c)(6)) arrested

3

aliens subject to removal to ICE-approved detention facilities."[1]

3. The parties further agree to the following:

(A) DCSO 287(g) Officers perform their duties pursuant to the MOA "subject to the limitations contained in the Standard Operating Procedures (SOP) in Appendix D to [the] MOA." (See Ex. A, MOA at 2).

(B) DCSO 287(g) Officers "provide notification to the ICE supervisor of any detainers placed under 287(g) authority within 24 hours." (See Ex. A, MOA at 20).

(C) DCSO 287(g) Officers obtain authorization from an ICE supervisor or designee prior to initiating transfer of 287(g) detainees to ICE custody. (See Ex. A, MOA at 20).

(D) If ICE informs the responsible DCSO 287(g) Officer of any errors in the IDENT/ENFORCE computer system entries and records made by DCSO 287(g) Officers, then the responsible DCSO 287(g) Officer will submit "a plan to ensure that steps are taken to correct, modify or prevent the recurrence of errors that are discovered." (See Ex. A, MOA at 20).

(E) DCSO 287(g) Officers make individualized custody recommendations to ICE. (See Ex. A, MOA at 20).

(Docket Nos. 84 & 93).

**C. Names of the Parties (Tenn. Sup. Ct. R. 23 Sec. 3(c))**

The Plaintiffs are: Daniel Renteria-Villegas, David Ernesto Gutierrez-Turcios, and Rosa Landaverde.

The Defendants are: Metropolitan Government of Nashville and Davidson County and United States Immigration and Customs Enforcement.

**D. Counsel for Each Party (Tenn. Sup. Ct. R. 23 Sec. 3(d))**

---

[1] The parties do not stipulate that DCSO 287(g) Officers currently exercise their authority to "transport . . . arrested aliens subject to removal to ICE-approved detention facilities." (See Ex. A, MOA at 19). ICE and Metro assert that DCSO 287(g) Officers have not, and currently do not, actually perform that duty.

The Plaintiffs are represented by: Harry Elliott Ozment and R. Andrew Free, Immigration Law Offices of Elliott Ozment, 1214 Murfreesboro Pike, Nashville, TN 37217, Phone: (615) 321-8888; Trina Realmuto, National Immigration Project of the National Lawyers Guild,14 Beacon Street, Suite 602, Boston, MA 02108, Phone: (617) 227-9727 ext. 8; and Daniel Werner and Thomas Paul Fritzsche, Southern Poverty Law Center, Immigrant Justice Project, 233 Peachtree Street NE, Suite 2150, Atlanta, GA 30303, Phone: (404) 221-5820.

Metro is represented by: Keli J. Oliver, Laura Barkenbus Fox, Derrick C. Smith, and Elizabeth A. Sanders, Department of Law, Metro Courthouse, One Public Square – Suite 108, P.O. Box 196300, Nashville, TN 37219-6300, Phone: (615) 862-6341

ICE is represented by: Craig A. Defoe, United States Department of Justice, Office of Immigration Litigation, Ben Franklin Station, P.O. Box 868, Washington D.C. 20008, Phone: (202) 532-4114; Joshua E. T. Braunstein, Department of Justice, 450 5th Street, NW, Room 6024, Washington, D.C. 20001, Phone: (202) 305-0194, and Mark H. Wildasin, Office of the United States Attorney, 110 Ninth Avenue South, Suite A961, Nashville, TN 37203-3870, Phone: (615) 736-2079.

**E. Designation (Tenn. Sup. Ct. R. 23 Sec. 3(e))**

Plaintiffs are hereby designated the moving party in this case.

**F. Conclusion**

The Court hereby CERTIFIES to the Tennessee Supreme Court the aforementioned question of state law. In accordance with Tenn. Sup. Ct. R. 23, Sec. 4, the Clerk of this Court shall serve copies of this Certification Order upon all parties or their counsel of record. Additionally, the Clerk shall file this Certification Order and the copy of the MOA attached hereto as Exhibit A with the Clerk of the Tennessee Supreme Court, under seal of this Court, along with proof of service.

5

Case 3:11-cv-00218 Document 95 Filed 11/09/11 Page 5 of 6 PageID #: 2072

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

6